PER CURIAM.
Appellant seeks reversal of orders entered in three cases consolidated below and on appeal. In the orders entered by the lower court, appellee was granted custody of the minor child in one case, appointed guardian of the child in the second case and administratrix of the estate of the child’s father in the third case. The orders in the first two cases clearly fall within the sound discretion of the trial court based on his judgment as to what is in the best interest of the child. This court can find no abuse of that discretion which would warrant reversal.
The third order appointing appellee administratrix of the father’s estate is assailed on the ground that appellant did not receive proper notice that application for letters of administration had been filed. It is quite true, as contended by appellant, that no such notice was given to appellant. Instead, appellant was served with a notice relating to the guardianship proceedings. Although appellant had not received proper notice of the petition for letters of administration, she must have had actual notice thereof inasmuch as on January 15, 1971, appellant filed an answer to the petition, albeit belatedly, praying that she be appointed as administratrix. By this time, of course, appellee had been appointed ad-ministratrix as of January 12, 1971. On August 6, 1971, the county judge denied appellant’s prayer that she be appointed administratrix and reaffirmed the earlier order of January 12, 1971, appointing appel-lee administratrix.
While it is clear that the notice received by appellant concerning the guardianship matter did not suffice to place her on notice of the petition for letters in the probate matter, it is equally clear that appellant having actually filed an answer which she directed to the petition for letters and “citation issued but of the above mentioned court”, by which answer she objected to the appointment of appellee as administra-trix and further requested the court to appoint her to that office, appellant cannot now assert that she had no notice of the pending application of the petition for letters of administration filed by appellee. By having submitted herself by her answer addressed squarely to the issues in litigation, appellant negated the need for notice by citation as required by Section 732.43(3), Florida Statutes, F.S.A.
Appellant having failed to demonstrate reversible error respecting the entry of the three orders reviewd herein, the same are hereby affirmed.
SPECTOR, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.